**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| JESSE KORMAN,<br>268 FORESET AVENUE<br>LYNDHURST NJ 07071<br><br>Plaintiff,<br><br>v.<br><br>SINCLAIR, INC.; SINCLAIR BROADCAST GROUP, LLC, f/k/a SINCLAIR BROADCAST GROUP, INC.; SINCLAIR TELEVISION GROUP, INC.; ACC LICENSEE, LLC; CHESAPEAKE TELEVISION LICENSEE, LLC; KEYE LICENSEE, LLC; KFOX LICENSEE, LLC; KOKH LICENSEE, LLC; KUPN LICENSEE, LLC; SINCLAIR BOISE LICENSEE, LLC; SINCLAIR EUGENE LICENSEE, LLC; SINCLAIR MEDIA LICENSEE, LLC; WBMA LICENSEE, LLC; WCHS LICENSEE, LLC; WEAR LICENSEE, LLC; WGXA LICENSEE, LLC; WKRC LICENSEE, LLC; WLOS LICENSEE, LLC; WLUK LICENSEE, LLC; WSET LICENSEE, LLC; WTVC LICENSEE, LLC; and WZTV LICENSEE, LLC, each at<br>10706 BEAVER DAM ROAD,<br>HUNT VALLEY, MARYLAND 21030<br><br>Defendants. | Case No:<br><br>JURY TRIAL DEMAND |

**COMPLAINT**

Plaintiff Jesse Korman ("Plaintiff"), by and through his undersigned counsel, for his Complaint against defendants Sinclair, Inc. ("Sinclair"); Sinclair Broadcast Group, LLC, f/k/a Sinclair Broadcast Group, Inc. ("SBG"); Sinclair Television Group, Inc. ("STG"); ACC Licensee,

LLC ("ACC Licensee"); Chesapeake Television Licensee, LLC ("Chesapeake Licensee"); KEYE Licensee, LLC ("KEYE Licensee"); KFOX Licensee, LLC ("KFOX Licensee"); KOKH Licensee, LLC ("KOKH Licensee"); KUPN Licensee, LLC ("KUPN Licensee"); Sinclair Boise Licensee, LLC ("Sinclair Boise Licensee"); Sinclair Eugene Licensee, LLC ("Sinclair Eugene Licensee"); Sinclair Media Licensee, LLC ("Sinclair Media Licensee"); WBMA Licensee, LLC ("WBMA Licensee"); WCHS Licensee, LLC ("WCHS Licensee"); WEAR Licensee, LLC ("WEAR Licensee"); WGXA Licensee, LLC ("WGXA Licensee"); WKRC Licensee, LLC ("WKRC Licensee"); WLOS Licensee, LLC ("WLOS Licensee"); WLUK Licensee, LLC ("WLUK Licensee"); WSET Licensee, LLC ("WSET Licensee"); WTVC Licensee, LLC ("WTVC Licensee"); and WZTV Licensee, LLC ("WZTV Licensee") (the defendants other than Sinclair, SBG, and STG, collectively, the "Station Licensees," and together with Sinclair, SBG, and STG, collectively, "Defendants"), states and alleges as follows:

SLG SANDERS · LAW GROUP ·

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*

2. Plaintiff is a professional photographer. In 2016, before Alexandria Ocasio-Cortez ran for public office, Plaintiff photographed her (the "Photograph"). Plaintiff owns the copyright in the Photograph, which is registered with the United States Copyright Office.

3. Defendants together operate one of the largest television broadcasting businesses in the United States, including the local television stations and station websites at issue here. Defendants assert copyright in their own content, require others to obtain written permission before reproducing it, and maintain a corporate department dedicated to processing copyright complaints.

4. In February 2019, without a license or Plaintiff's permission, Defendants copied the Photograph and published it on at least twenty of their station websites, including as the lead image of an opinion column produced by Defendants' corporate news operation and distributed to their stations. Defendants credited the Photograph to "Alexandria Ocasio-Cortez Campaign," never to Plaintiff, and never sought a license from Plaintiff.

5. Defendants continue to display the Photograph today, more than seven years after they first published it and nearly two years after Sinclair's in-house counsel acknowledged receipt of Plaintiff's counsel's letters and stated that Sinclair was "reviewing this matter internally to determine where the image was sourced from."

## PARTIES

6. Plaintiff Jesse Korman is an individual who is a citizen of the State of New Jersey and maintains a principal place of business in Bergen County, New Jersey.

7. Defendant Sinclair, Inc. is a Maryland corporation with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. Sinclair is a publicly traded company whose Class A common stock is listed on the NASDAQ Stock Market under the symbol SBGI.

8. Defendant Sinclair Broadcast Group, LLC is a Maryland limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. SBG's sole member is Sinclair Holdings, LLC, which is a wholly owned subsidiary of Sinclair.

9. Upon information and belief, SBG was formerly organized as Sinclair Broadcast Group, Inc., a Maryland corporation, and converted to a limited liability company in 2023 in connection with a corporate reorganization in which Sinclair became the parent holding company of SBG. SBG is the same entity that, as Sinclair Broadcast Group, Inc., operated Defendants' broadcasting business, including their corporate news operations, in 2019.

10. Upon information and belief, defendant Sinclair Television Group, Inc. is a corporation with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030, and is a wholly owned subsidiary of SBG.

11. Upon information and belief, defendant KUPN Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. KUPN Licensee is the Federal Communications Commission ("FCC") licensee of record for television station KSNV, Las Vegas, Nevada (FCC Facility ID 10179), whose website is located at news3lv.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.



SLG SANDERS ·LAW GROUP·

12. Upon information and belief, defendant WSET Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. WSET Licensee is the FCC licensee of record for television station WSET-TV, Lynchburg, Virginia (FCC Facility ID 73988), whose website is located at wset.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

13. Upon information and belief, defendant WCHS Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. WCHS Licensee is the FCC licensee of record for television station WCHS-TV, Charleston, West Virginia (FCC Facility ID 71280), whose website is located at wchstv.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

14. Upon information and belief, defendant WZTV Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. WZTV Licensee is the FCC licensee of record for television station WZTV, Nashville, Tennessee (FCC Facility ID 418), whose website is located at fox17.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

15. Upon information and belief, defendant WLOS Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. WLOS Licensee is the FCC licensee of record for television station WLOS, Asheville, North Carolina (FCC Facility ID 56537), whose website is located at wlos.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

16. Upon information and belief, defendant ACC Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. ACC Licensee is the FCC licensee of record for television station WJLA-TV, Washington, D.C. (FCC Facility ID 1051), whose website is located at wjla.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

17. Upon information and belief, defendant Chesapeake Television Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt

SLG SANDERS LAW GROUP

Valley, Maryland 21030. Chesapeake Licensee is the FCC licensee of record for television station WBFF, Baltimore, Maryland (FCC Facility ID 10758), whose website is located at foxbaltimore.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

18. Upon information and belief, defendant WKRC Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. WKRC Licensee is the FCC licensee of record for television station WKRC-TV, Cincinnati, Ohio (FCC Facility ID 11289), whose website is located at local12.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

19. Upon information and belief, defendant WEAR Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. WEAR Licensee is the FCC licensee of record for television station WEAR-TV, Pensacola, Florida (FCC Facility ID 71363), whose website is located at weartv.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

20. Upon information and belief, defendant WLUK Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. WLUK Licensee is the FCC licensee of record for television station WLUK-TV, Green Bay, Wisconsin (FCC Facility ID 4150), whose website is located at fox11online.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

21. Upon information and belief, defendant Sinclair Eugene Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. Sinclair Eugene Licensee is the FCC licensee of record for television station KVAL-TV, Eugene, Oregon (FCC Facility ID 49766), whose website is located at kval.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

22. Upon information and belief, defendant WTVC Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. WTVC Licensee is the FCC licensee of record for television station WTVC, Chattanooga, Tennessee (FCC Facility ID 22590), whose website is located at newschannel9.com, and is an

indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

23. Upon information and belief, defendant WBMA Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. WBMA Licensee is the FCC licensee of record for television station WBMA-LD, Birmingham, Alabama (FCC Facility ID 60214), whose website is located at abc3340.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

24. Upon information and belief, defendant KFOX Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. KFOX Licensee is the FCC licensee of record for television station KFOX-TV, El Paso, Texas (FCC Facility ID 33716), whose website is located at kfoxtv.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

25. Upon information and belief, defendant KEYE Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. KEYE Licensee is the FCC licensee of record for television station KEYE-TV, Austin, Texas (FCC Facility ID 33691), whose website is located at cbsaustin.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

26. Upon information and belief, defendant Sinclair Media Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. Sinclair Media Licensee is the FCC licensee of record for television station KRCR-TV, Redding, California (FCC Facility ID 8291), whose website is located at krcrtv.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

27. Upon information and belief, defendant KOKH Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. KOKH Licensee is the FCC licensee of record for television station KOKH-TV, Oklahoma City, Oklahoma (FCC Facility ID 35388), whose website is located at okcfox.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

28. Upon information and belief, defendant Sinclair Boise Licensee, LLC is a limited

liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. Sinclair Boise Licensee is the FCC licensee of record for television station KBOI-TV, Boise, Idaho (FCC Facility ID 49760), whose website is located at idahonews.com, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

29. Upon information and belief, defendant WGXA Licensee, LLC is a limited liability company with its principal place of business at 10706 Beaver Dam Road, Hunt Valley, Maryland 21030. WGXA Licensee is the FCC licensee of record for television station WGXA, Macon, Georgia (FCC Facility ID 58262), whose website is located at wgxa.tv, and is an indirect, wholly owned subsidiary of Sinclair, SBG, and STG.

30. Upon information and belief, fox56.com, the website of television station WOLF-TV, Hazleton, Pennsylvania, serving the Wilkes-Barre/Scranton market, is operated by Defendants, which at all relevant times either provided services to WOLF-TV under agreements with its licensee or owned it outright, and Defendants control the content published on fox56.com.

31. Defendants operate as a single, integrated media enterprise under common ownership, common management, and common control from their shared headquarters in Hunt Valley, Maryland. Sinclair's Annual Report on Form 10-K for fiscal year 2025, filed jointly by Sinclair and SBG, reports that Sinclair's local television stations are owned and/or operated by STG and its direct and indirect subsidiaries, and Sinclair's public financial disclosures state that the assets of its local media segment are owned and operated by SBG.

32. The websites of the stations at issue - news3lv.com, wset.com, wchstv.com, fox17.com, wlos.com, wjla.com, foxbaltimore.com, local12.com, weartv.com, fox11online.com, kval.com, newschannel9.com, abc3340.com, kfoxtv.com, cbsaustin.com, krcrtv.com, fox56.com, okcfox.com, wgxa.tv, and idahonews.com (collectively, the "Station Websites") - are operated as part of that integrated enterprise. Each Station Website shares a common design and structure, bears a "© 2026 Sinclair, Inc." notice, and links to terms and conditions, copyright notices, and a privacy policy published by Sinclair at sbgi.net.

SLG SANDERS LAW GROUP

## JURISDICTION AND VENUE

33. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331.

34. This Court has personal jurisdiction over each Defendant because each Defendant maintains its principal place of business in Maryland, and because the conduct giving rise to this action was directed, supervised, and controlled from Defendants' headquarters in Hunt Valley, Maryland.

35. Venue is proper in this District under 28 U.S.C. § 1400(a) because each Defendant resides or may be found in this District, and under 28 U.S.C. § 1391(b)(1) and (b)(2) because all Defendants reside in Maryland and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL CLAIMS

### A. Plaintiff's Copyright Ownership

36. Plaintiff is an internationally recognized photographer, filmmaker, director, and creative producer based in the New York metropolitan area. His work has been published and displayed in connection with major motion pictures, entertainment productions, political campaigns, and media projects, and his photography has been used as key art and promotional imagery for films featuring internationally recognized actors such as Kurt Russell, John Malkovich, Dustin Hoffman, Uma Thurman, Alicia Silverstone, and Samuel L. Jackson. He also photographed promotional materials for the feature film Terrifier 3.

37. In addition to his photography career, Plaintiff is an award-recognized director and producer whose work has been exhibited at film festivals and viewed by millions of people worldwide.

38. Plaintiff has spent years developing his reputation and body of work, which includes original photographs created through substantial investments of time, skill, experience, and creative effort. Through his professional photography business, Plaintiff creates, owns, markets, and licenses copyrighted photographic works, derives substantial income from the



SLG SANDERS · LAW GROUP ·

protection and commercial exploitation of those works, and relies upon the copyright laws of the United States to protect the value and marketability of his photography.

39. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "USCO") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

40. Plaintiff's photographs, including the Photograph, are original, creative works in which Plaintiff owns protectable copyright interests.

41. Plaintiff created the Photograph, a photograph of Alexandria Ocasio-Cortez, in 2016, and first published it on or about February 24, 2016. A copy of the Photograph is attached hereto as Exhibit 1.

42. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

43. The Photograph was registered by the USCO under Registration No. VA 2-139-851, with an effective date of registration of February 8, 2019.

44. Plaintiff permitted Ms. Ocasio-Cortez to use the Photograph personally, including for her own promotional purposes. That permission was personal to her. Plaintiff has not authorized anyone else, including any news organization or any Defendant, to use, sublicense, or distribute the Photograph.

45. Plaintiff has never licensed the Photograph to any Defendant.

46. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B. Defendants' Business and Station Websites**

47. Defendants own, operate, or provide programming and operating services to 179 television stations in 81 markets, reaching approximately 38% of United States households, generated more than $3 billion in total revenue in each of 2024 and 2025, and hold themselves out as one of the nation's largest producers of local news.

48. Defendants' local media business derives revenue primarily from the sale of advertising. Defendants also earn revenue by selling digital advertisements and by delivering digital content through station websites, mobile applications, and social media.

49. Upon information and belief, each Station Website is monetized through paid advertising displayed alongside its content, including the pages at issue here, and the more visitors Defendants attract to the Station Websites, the more advertising revenue Defendants earn.

50. Upon information and belief, Defendants operate the Station Websites, and many other station websites, on a common, centrally administered content management system, through which content produced by Defendants' corporate news operations is distributed to and published simultaneously on numerous station websites, and through which images are stored and served from each station's domain under the path "/resources/media/."

**C. Defendants Are Sophisticated Content Creators and Licensors**

SLG SANDERS · LAW GROUP ·

51. Defendants are not casual users of online content. Defendants are professional content creators, owners, and licensees whose business depends on the acquisition, licensing, and protection of rights in photographs, video, and other copyrighted works.

52. Defendants assert copyright in their own content. The terms and conditions governing Defendants' station websites state that the materials available on those sites are the property of Defendants and their affiliates or licensors and are protected by copyright, trademark, and other intellectual property laws, and prohibit any reproduction or distribution of those materials without prior written permission from the owner.

53. Defendants maintain a written policy under the Digital Millennium Copyright Act, a designated agent for copyright complaints within Sinclair's Corporate Web Department, and a Legal Department to which copyright notices are directed.

54. Defendants' newsrooms are staffed by professional journalists and producers who are trained in, and held to, professional standards governing the sourcing and attribution of third-party material. In another action pending in this Court, SBG has admitted that it provides training on copyright practices, including when material should be licensed. *Global Weather Productions*

*LLC v. Sinclair Broadcast Group, LLC*, No. 1:26-cv-01331-ABA (D. Md.), ECF No. 10 ¶ 24.

55. Defendants have been sued for copyright infringement before, as SBG has admitted. *Id.* ¶ 27. In *Nicklen v. Sinclair Broadcast Group, Inc.*, 551 F. Supp. 3d 188 (S.D.N.Y. 2021), a federal court rejected Sinclair's contention that displaying a third-party photographer's video taken from social media was not a public display under the Copyright Act.

56. Upon information and belief, Defendants have not implemented adequate internal policies to verify copyright ownership before content use, or their internal policies are not designed to verify copyright ownership or are systematically ignored, indicating a willful, recurring disregard for copyright compliance by an enterprise of Defendants' reach, capabilities, and level of sophistication.

**D. Defendants' Infringing Activity**

57. Upon information and belief, in 2019 SBG produced a recurring commentary segment titled "Bottom Line with Boris Epshteyn," presented by Boris Epshteyn, whom Defendants identified as their "Chief Political Analyst," and distributed that segment and accompanying written columns to Defendants' stations for broadcast and for publication on their station websites.

58. On or about February 16, 2019, without permission or authorization from Plaintiff, Defendants copied the Photograph and published it on wlos.com in an article titled "Ocasio-Cortez sworn in in NYC," bylined "WLOS Staff," at URL: https://wlos.com/news/nation-world/watch-live-ocasio-cortez-sworn-in-in-nyc. Defendants stored the copy of the Photograph displayed on that page at URL: https://wlos.com/resources/media/804a9e46-0d07-44b1-8534-faa7510bfdc5-medium16x9_02.16Ocasio1.jpg?1550342648318, under the file name "02.16Ocasio1.jpg." Upon information and belief, Defendants attributed the images on that page, including the Photograph, to "Photo: WLOS."

59. On February 21, 2019, without permission or authorization from Plaintiff, Defendants published a "Bottom Line" column titled "Opinion: AOC and comrades do not have Americans' best interest at heart on Amazon HQ issue," bylined "Boris Epshteyn, Chief Political

Analyst," with the Photograph as its lead image, displayed as the cover image of the column's embedded "Bottom Line" video, on at least the following Station Websites:

(a) news3lv.com (KSNV, Las Vegas, Nevada): https://news3lv.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue, with the Photograph stored at https://news3lv.com/resources/media/696a87cb-b4cd-4732-9304-0c7be37625f0-jumbo36x25_02.16Ocasio1.jpg?1550772415446;

(b) wset.com (WSET-TV, Lynchburg, Virginia): https://wset.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue, with the Photograph stored at https://wset.com/resources/media/696a87cb-b4cd-4732-9304-0c7be37625f0-02.16Ocasio1.jpg;

(c) wchstv.com (WCHS-TV, Charleston, West Virginia): https://wchstv.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(d) fox17.com (WZTV, Nashville, Tennessee): https://fox17.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue, with the Photograph stored at https://fox17.com/resources/media2/16x9/full/1015/center/80/696a87cb-b4cd-4732-9304-0c7be37625f0-large16x9_02.16Ocasio1.jpg;

(e) wjla.com (WJLA-TV, Washington, D.C.): https://wjla.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(f) foxbaltimore.com (WBFF, Baltimore, Maryland): https://foxbaltimore.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(g) local12.com (WKRC-TV, Cincinnati, Ohio): https://local12.com/news/bottom-



SLG SANDERS LAW GROUP

line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(h) weartv.com (WEAR-TV, Pensacola, Florida): https://weartv.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(i) fox11online.com (WLUK-TV, Green Bay, Wisconsin): https://fox11online.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(j) kval.com (KVAL-TV, Eugene, Oregon): https://kval.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(k) newschannel9.com (WTVC, Chattanooga, Tennessee): https://newschannel9.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(l) abc3340.com (WBMA-LD, Birmingham, Alabama): https://abc3340.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(m) kfoxtv.com (KFOX-TV, El Paso, Texas): https://kfoxtv.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(n) cbsaustin.com (KEYE-TV, Austin, Texas): https://cbsaustin.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(o) krcrtv.com (KRCR-TV, Redding, California): https://krcrtv.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(p) fox56.com (WOLF-TV, Hazleton, Pennsylvania): https://fox56.com/news/bottom-

line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(q) okcfox.com (KOKH-TV, Oklahoma City, Oklahoma): https://okcfox.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue;

(r) wgxa.tv (WGXA, Macon, Georgia): https://wgxa.tv/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue; and

(s) idahonews.com (KBOI-TV, Boise, Idaho): https://idahonews.com/news/bottom-line/opinion-aoc-and-comrades-do-not-have-americans-best-interest-at-heart-on-amazon-hq-issue.

60. Upon information and belief, Defendants also published the column, with the Photograph, on other station websites owned or operated by Defendants, to an extent to be determined in discovery.

61. The publications of the Photograph described in the preceding paragraphs are referred to collectively as the "Infringements." Copies of screengrabs depicting the Infringements are attached hereto as Exhibit 2.

62. The copies of the Photograph displayed with the column on the Station Websites share, upon information and belief, a common media identifier, "696a87cb-b4cd-4732-9304-0c7be37625f0," and each bears the file name "02.16Ocasio1.jpg," the same file name as the file Defendants uploaded to wlos.com on February 16, 2019. Upon information and belief, Defendants copied the Photograph into their common content management system and distributed it from there to each Station Website.

63. Each Infringement is a copy of Plaintiff's original Photograph that was directly copied, stored, and displayed by Defendants.

64. Each Infringement includes a URL ("Uniform Resource Locator") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be



SLG SANDERS LAW GROUP

communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

65. Defendants credited the Photograph in the "Bottom Line" column to "Photo: Alexandria Ocasio-Cortez Campaign." Defendants never credited Plaintiff, never sought to identify the owner of the copyright in the Photograph, and never sought a license from Plaintiff. The credit confirms that Defendants knew the Photograph was not their own and was created by a third party. No one other than Plaintiff had authority to license the Photograph to Defendants.

66. Because the Infringements commenced after the effective date of the Photograph's registration, statutory damages and attorney's fees are available for Defendants' infringement pursuant to 17 U.S.C. § 412.

67. Plaintiff first discovered the Infringements on wlos.com, wset.com, wchstv.com, news3lv.com, and fox17.com on October 28, 2024, and first discovered the remaining Infringements on October 8, 2026.

68. Plaintiff did not discover, and in the exercise of reasonable diligence could not have discovered, the Infringements before those dates. The Infringements appeared on regional television station websites, under a credit that did not identify Plaintiff, beneath a column that did not name him. Moreover, Defendants' display of the Photograph on the Station Websites has continued without interruption through the date of this Complaint, and each act of display within the three years preceding the commencement of this action is independently actionable.

69. Upon information and belief, Defendants take an active and pervasive role in the content posted on the Station Websites, including, but not limited to, copying, posting, selecting, commenting on, and displaying images, including Plaintiff's Photograph.

70. Upon information and belief, Defendants had complete control over and actively reviewed and monitored the content posted on the Station Websites, had the legal right and ability to control and limit the infringing activities on the Station Websites, and at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

71. Upon information and belief, Defendants have received a financial benefit directly



SLG SANDERS · LAW GROUP ·

attributable to the Infringements, in that the Infringements attracted visitors to the Station Websites and, in turn, caused Defendants to realize an increase in their advertising and business revenues.

72. Defendants' use of the Photograph harmed the actual market for the Photograph.

73. Defendants' use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

**E. Defendants Continued to Infringe After Notice**

74. On November 8, 2024, Plaintiff, via counsel, served a letter on SBG seeking to address Defendants' unauthorized use of the Photograph on news3lv.com and wset.com.

75. On December 9, 2024, Plaintiff, via counsel, served a follow-up letter seeking to address said complaints in an attempt to avoid litigation.

76. On December 9, 2024, Chase A. Bales, Director, Associate General Counsel of Sinclair, Inc., responded that he was "in receipt of the email and letter" and that Sinclair was "reviewing this matter internally to determine where the image was sourced from."

77. Defendants have not identified any license or other authorization for their use of the Photograph.

78. Notwithstanding Plaintiff's letters and Sinclair's acknowledgment of them, Defendants have not removed the Infringements. As of the date of this Complaint, the Photograph remains publicly displayed on the Station Websites, each of which bears a "© 2026 Sinclair, Inc." notice. Screengrabs of the Infringements captured through the Internet Archive's Wayback Machine on October 13, 2026 are attached hereto as Exhibit 3.

**F. Defendants' Infringement Was Willful**

79. Defendants' infringement was willful. An enterprise that creates, licenses, and polices photographs and other content as its core business; that requires the world to obtain written permission before reproducing its own content; that maintains a corporate department to process copyright complaints; that trains its personnel on when material must be licensed; and that has previously been sued for the unlicensed use of a third party's work, cannot credibly claim it did not know that copying and republishing a professional photographer's photograph without a



SLG SANDERS · LAW GROUP ·

license was infringement.

80. Defendants' sophistication as content creators and licensors, combined with their attribution of the Photograph to someone other than its author, their failure to seek a license from the copyright owner, their distribution of the Photograph across multiple station websites, and their continued display of the Photograph after notice, demonstrates that Defendants knew their conduct was infringing or, at a minimum, acted in reckless disregard of Plaintiff's rights.

81. Upon information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendants cannot claim that they were not aware of the infringing activities, including the specific Infringements which form the basis of this Complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

82. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT

***(Direct Copyright Infringement, 17 U.S.C. § 501 et seq., Against All Defendants)***

83. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

84. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

85. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

86. Plaintiff has not granted any Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of his exclusive rights in the copyright to any Defendant.

87. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. § 106, Defendants improperly and illegally copied, reproduced, distributed, and publicly displayed the Photograph, thereby violating Plaintiff's exclusive rights in



SLG SANDERS · LAW GROUP ·

his copyright.

88. Each Defendant engaged in volitional conduct causing the Infringements, directly or through employees and agents acting within the scope of their employment or agency, and Defendants are jointly and severally liable for the Infringements.

89. Defendants' reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

90. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages pursuant to 17 U.S.C. § 504(c), enhanced to up to $150,000 for willful infringement pursuant to 17 U.S.C. § 504(c)(2).

91. As a result of Defendants' violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees pursuant to 17 U.S.C. § 505 from Defendants.

92. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

**SECOND COUNT**

***(Vicarious Copyright Infringement, Against Sinclair, SBG, and STG, in the Alternative)***

93. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

94. This Count is pleaded in the alternative to the First Count pursuant to Fed. R. Civ. P. 8(d)(2), to the extent any of Sinclair, SBG, or STG is found not to have directly infringed. To the extent the Infringements were committed by any Station Licensee or by any other subsidiary, employee, or agent of Defendants, Sinclair, SBG, and STG are vicariously liable for them.

95. Sinclair, SBG, and STG each had the right and ability to supervise and control the infringing activity. Among other things, they own and control the Station Licensees and the

SLG SANDERS · LAW GROUP ·

stations; produced and distributed the "Bottom Line" column in which the Photograph was published; govern the Station Websites through common terms and conditions; operate the common content management system through which the Photograph was stored and distributed; maintain the corporate department that processes copyright complaints concerning the Station Websites; and train station personnel on copyright practices, including when material must be licensed.

96. Sinclair, SBG, and STG each had a direct financial interest in the infringing activity, in that the Infringements attracted visitors to the Station Websites, and the resulting audience and advertising revenue flow to them as the owners and operators of the stations and the Station Websites.

97. Sinclair, SBG, and STG failed to exercise their right and ability to stop the Infringements, including after Sinclair acknowledged receipt of Plaintiff's letters.

98. As a result, Plaintiff is entitled to the relief set forth in the First Count against Sinclair, SBG, and STG, jointly and severally.

SLG SANDERS LAW GROUP

**THIRD COUNT**

***(Contributory Copyright Infringement, Against Sinclair, SBG, and STG, in the Alternative)***

99. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

100. This Count is pleaded in the alternative to the First and Second Counts pursuant to Fed. R. Civ. P. 8(d)(2).

101. Sinclair, SBG, and STG knew or had reason to know of the Infringements, including because SBG produced and distributed the column in which the Photograph was published and, at the latest, upon Sinclair's receipt of Plaintiff's counsel's letters in November and December 2024.

102. Sinclair, SBG, and STG materially contributed to the Infringements by producing the column, by distributing the Photograph through the common content management system to the Station Websites, and by providing the personnel, systems, and digital distribution channels

through which the Photograph was published, and by continuing to provide them after receiving notice of the Infringements.

103. As a result, Plaintiff is entitled to the relief set forth in the First Count against Sinclair, SBG, and STG, jointly and severally.

**JURY DEMAND**

104. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment finding that Defendants have infringed Plaintiff's rights in the Photograph in violation of 17 U.S.C. § 501 *et seq.* and therefore award damages and other relief as follows:

a. finding that Defendants infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent, and that such infringement was willful;

b. for an award, jointly and severally against Defendants, of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2);

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works and directing Defendants to remove the Photograph from the Station Websites and from any other website or platform within their control;

d. for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505;

e. for pre-judgment and post-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

SLG SANDERS · LAW GROUP ·

DATED: October 16, 2026

**SANDERS LAW GROUP**

By: *__/s/ Craig Sanders__*
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 131024

*Attorneys for Plaintiff*

SLG SANDERS LAW GROUP